### SMITH & a. v. SMITH.

### SAWYER v. SAME.

A levy upon land described thus,—"Commencing on the line between Thomas J. Smith and John B. Smith on the west side of the county road, running south thirty-three degrees west, twenty-five rods, to a parallel line running west fifty-five degrees north to the west line of the farm, and the same course to the river," the John B. Smith lot being on the northerly side of the Thomas J. Smith lot, and the county road running through both lots nearly north and south, and the river being on the easterly side of the lots,—is void for uncertainty.

TRESPASS. Both actions are based upon the same wrongful acts. Facts found by a referee. The liability of the defendant has been established, and the question reserved is, Which of the plaintiffs is entitled to the damages?

The plaintiff in the second action claims title under a levy upon an execution which describes the land levied on as follows: " Commencing on the line between Thomas J. Smith and John B. Smith on the west side of the county road, running south thirty-three degrees west, twenty-five rods, to a parallel line running west fifty-five degrees north to the west line of said farm, and the same course to the river." The John B. Smith lot bounds the Thomas J. Smith lot on the north. The county road runs nearly north and south through both lots, and the Pemigewasset river is on the easterly side of them. The plaintiffs in the first action claim title under the debtor against whom the levy was made, and contend that the levy is void for uncertainty.

*Burleigh & Adams*, for the plaintiffs in the first action.

*J. L. Wilson*, for the plaintiff in the second action.

*J. C. Story*, for the defendant.

CHASE, J. The levy of an execution on land must show with reasonable certainty what premises were intended to be set off. The requirement of a distinct description (G. L., c. 237, s. 6) is complied with, if by the description the land can be found and identified. *McConihe* v. *Sawyer*, 12 N. H. 396 ; *Vogt* v. *Ticknor*, 48 N. H. 242, 249 ; *Saunders* v. *Bank*, 61 N. H. 31 ; *Chappell* v. *Hunt*, 8 Gray 427.

The point of beginning is stated with sufficient certainty, and there would be no difficulty in running a line from it south thirty-three degrees west, twenty-five rods, nor in running a line from the end of this line west fifty-five degrees north to the west line of the farm, but these two lines would not enclose a tract of land. There is nothing in the description to indicate what other lines are to be used in connection with these to bound the tract intended. The last line is designated as "a parallel line," but it does not appear with what line it is parallel. It is described as extending to the west line of the farm, "and the same course to the river." This would be impossible, as the river, being on the easterly side of the lots, is situated in the opposite direction from that in which the line runs. If it be supposed that it was intended that this line should be parallel with the northerly line of the lot, and should run from the end of the first described line west fifty-five degrees north to the west line of the lot, and east fifty-five degrees south to the river, as a continuous straight line, it is then a matter of conjecture which of the four parcels formed by the boundary lines of the lot and these interior lines was intended by the description. It may have been the parcel in the northwesterly corner of the lot bounded westerly and northerly by the lot lines, and easterly and southerly by the interior lines, or the corresponding parcel in the northeasterly corner of the lot, or the two as one, or that portion of the lot situated southerly of the line designated as "a parallel line." As the description does not show what land was set off, the levy is void.

The plaintiffs are entitled to judgment in the first action, and the defendant in the second.

*Case discharged.*

CARPENTER, J., did not sit: the others concurred.